UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:  Case No. 10-53803-WSD
  Chapter 13
    JANE FRANCES CUNNINGHAM,
  Hon. Walter Shapero
           Debtor.
_____/

## OPINION GRANTING SANCTIONS MOTION

      This chapter 13 case was commenced on April 27, 2010. Kenneth J. Gargala was listed as a judgment creditor for $1,000.00, with an address of 1350 Culver, Detroit, Michigan 48214. On April 30, 2010, the 341 notice was mailed to him at that address, which apparently was incorrect in that the correct city listing was not Detroit, but Dearborn, 48124. Also on April 30, 2010, the Debtor filed Amended Schedule F changing Gargala's address to the correct Dearborn address. The proof of service of that Amended Schedule shows service of it by mail on Gargala at the correct Dearborn address, on May 21, 2010. On May 11, 2010, Gargala had caused a Request and Writ for Garnishment (periodic) to be issued out of the state District Court in which he had his judgment, directed to Debtor's employer, the Detroit Board of Education. It stated that he had secured a judgement for $2,467.31 on May 11, 2009, on which the unpaid amount was $1,131.44. Incident to that, a state District Court writ request hearing was set for June 30, 2010. In the meantime, and apparently after service of the garnishment on the Detroit Board of Education, Debtor (1) tried to take action to prevent the Board from paying out any sums to Gargala, because of the bankruptcy filing, and (2) also appeared at the District Court hearing on June 30th (as did Gargala), at which she advised that Court of the filing of the bankruptcy. As a result of the District Court garnishment,

1

proceedings were suspended. Debtor alleges her attorney also wrote a letter to Gargala sometime in late May 2010 or early June, advising him of the bankruptcy filing.

Debtor's Motion seeks sanctions for violation of the stay on the grounds that Gargala had notice of the bankruptcy long before the June 30, 2010 hearing in District Court and failed to take affirmative steps to so advise that Court, and to discontinue that hearing and further garnishment proceedings, thus causing Debtor to have attended that hearing. Debtor argues that plus the time she spent trying to explain the situation to the Board of Education, could all have also been prevented by Gargala timely and affirmatively withdrawing or discontinuing the garnishment procedures.

As a factual matter, it is clear that at the very least, by virtue of the service of Amended Schedule F on May 21, 2010, Gargala had notice of the bankruptcy filing and thereafter took no steps to terminate the garnishment proceedings prior to the June 20, 2010, hearing.

In *Franchise Tax Bd. v. Roberts (In re Roberts)*, 175 B.R. 339, 343-344 (B.A.P. 9th Cir. 1994), the 9th Circuit B.A.P. noted that:

> [C]ases widely agree that a garnishing creditor has an affirmative duty to stop garnishment proceedings when notified of the automatic stay. *In re Dungey*, 99 Bankr. 814 (Bankr. S.D. Ohio 1989); *In re Mitchell*, 66 Bankr. 73 (Bankr. S.D. Ohio 1986); *In re O'Connor*, 42 Bankr. 390 (Bankr. E.D. Ark. 1984) (creditor cannot take default judgment against debtor's employer after filing); *In re Dennis*, 17 Bankr. 558 (Bankr. M.D. Georgia 1982) (creditor has duty to dismiss garnishment proceedings instituted postpetition); *In re Elder*, 12 Bankr. 491, 494 (Bankr. M.D. Georgia 1981) (creditor has affirmative duty to stop "downhill snowballing of a continuing garnishment").

Under II U.S.C. 362(k)(1): "willful" violations of the automatic stay are dealt with by way of mandated awards of "actual damages, including costs and attorney fees." Such are in order here, as there can be no question but that Gargala's actions were "willful." That term has been defined

as an act performed after mere knowledge of the bankruptcy filing (and therefore of the existence of the attendant automatic stay - no specific intent or malice being required). *In Re Welch, 296 B.R. 296 B.R. 70 (Bankr.C.D.Ill. 2000).*

Punitive damages are not appropriate in this situation. Within 10 days of the date hereof, Debtor's attorney within 14 days from the date hereof, shall submit an affidavit of time and costs incident to bringing the sanctions motion. The Court may, but not necessarily also award (in addition), a nominal sum to be determined for the time and effort personally spent by Debtor in having to appear at the June 20, 2010, state District Court hearing, and in dealing with the Detroit Board of Education on the matter. Following receipt of the affidavit, the Court will enter an appropriate order.

**Signed on August 19, 2010**

                                            **/s/ Walter Shapero**
                                    **Walter Shapero**
                                    **United States Bankruptcy Judge**